JONG OCK HAHN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE Respondent
Hahn v. Commissioner
Docket No. 20903-89.
United States Tax Court
T.C. Memo 1992-203; 1992 Tax Ct. Memo LEXIS 240; 63 T.C.M. (CCH) 2669; April 6, 1992, Filed *240 Decision will be entered under Rule 155. Cara L. Eisenberg, for petitioner. Gordon L. Gidlund, for respondent. WRIGHT
WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined a deficiency in and additions to petitioner's 1988 Federal individual income tax as follows: Additions to Tax
Deficiency
Sec. 6653(a)(1) [1]
Sec. 6661
$ 42,603
$ 2,130
$ 10,651
*241 The issues for decision for taxable year 1988 are: (1) Whether respondent's determination of the amount of unreported income earned by petitioner from her sole proprietorship is entitled to a presumption of correctness. We hold that it is. (2) Whether petitioner presented sufficient evidence to overcome the presumption of correctness attached to respondent's deficiency determination. We hold that she did not. (3) Whether petitioner is liable for the additions to tax for negligence pursuant to section 6653(a)(1) [2] and for a substantial understatement pursuant to section 6661. We hold that she is. FINDINGS OF FACTS Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated in this opinion. Petitioner resided in Arcadia, California, when she filed her *242 petition. During 1988, petitioner operated a sole proprietorship in Rosemead, California, called "3322 Acupuncture Clinic" (Clinic). Petitioner also operated a sole proprietorship in El Monte, California, called "Sassy Salon". In 1988, petitioner earned income from both the Clinic and Sassy Salon. Petitioner timely filed a Federal individual income tax return for 1988 in which she reported the income she earned from Sassy Salon. Petitioner did not report the income she earned from the Clinic. Petitioner testified that in 1988 the Clinic operated, employed attendants, serviced customers, and charged $ 30 per customer for services rendered. Petitioner stated that she kept records of the income the Clinic earned in 1988. Petitioner did not produce these records at trial and did not make them accessible to respondent prior to or during trial. From January 1988 until the beginning of August 1988, the Los Angeles County Sheriff's Department (Sheriff's Department) conducted a criminal investigation of the Clinic's operations. The Sheriff's Department placed Deputy Manuel Rodriquez in charge of the investigation. Deputy Rodriquez kept the Clinic's activities under surveillance *243 for 3 days a week on Mondays, Tuesdays, Thursdays, Fridays, or Saturdays. He observed that the Clinic operated on each of these week days for 7 months. Thus, Deputy Rodriquez observed that the Clinic operated an estimated 140 days in 1988, i.e., 5 days per week at 4 weeks for 7 months. Deputy Rodriquez also observed that on an average 30 to 40 male patrons entered the Clinic daily. Thus, Deputy Rodriquez observed an average of 35 customers entering the Clinic each day. In June 1988, as part of the criminal investigation, an undercover deputy sheriff entered the Clinic whereupon a female employee offered to perform services for the officer in exchange for $ 30. In August 1988, based on the evidence it had compiled on the Clinic, the Sheriff's Department obtained a warrant for petitioner's arrest. The Sheriff's Department charged petitioner with the crime of pimping and the crime of conspiracy to commit a crime. In December 1988, the Municipal Court of Los Angeles found insufficient cause as to both counts and therefore dismissed the case. In August 1988, the Sheriff's Department contacted a revenue agent assigned to respondent's special enforcement group. Deputy Rodriquez *244 conveyed to this agent the information the Sheriff's Department had compiled in the course of its criminal investigation. On the basis of this information, respondent determined that the Clinic received unreported income in 1988. In June 1989, respondent issued a notice of deficiency to petitioner in which she determined that the Clinic earned yet failed to report income in 1988 in the amount of $ 168,000. Respondent calculated this amount by multiplying the number of days the Clinic was open (168 days) by the number of customers serviced per day (50 customers) by the amount received per customer ($ 20 per customer). [3] Respondent stated that if any of the variables in her calculation were altered, she would change her estimation of the amount of income earned by the Clinic. On brief, respondent adjusted the number of days the Clinic was open to 148 days. Therefore, respondent redetermined that the Clinic earned $ 148,000 of income in 1988, i.e., 50 customers per day at $ 20 per customer for 148 days. *245 OPINION 1. Presumption of Correctness of Respondent's Deficiency Determination
The determinations made by respondent in her statutory notice of deficiency are normally entitled to a presumption of correctness. Rule 142(a); , affg. an unreported Order of this Court. In order to preserve this presumption in cases involving the receipt of unreported illegal income, respondent must come forward with substantive evidence establishing a minimal evidentiary foundation.[4], revg. . Where the connection between a taxpayer and the income producing activity is sufficiently acknowledged, the presumption of correctness attaches to respondent's determination. ; , affg. . *246 In the instant case, petitioner argues on brief that respondent's determination that she received income from the Clinic in 1988 in the amount of $ 148,000 is not entitled to a presumption of correctness. However, petitioner sufficiently acknowledges the connection between herself and this income producing activity. That is, petitioner acknowledges her sole ownership of the Clinic and her receipt of income therefrom. Accordingly, the presumption of correctness attaches to respondent's determination. 2. Rebutting the Presumption of Correctness Attached to Respondent's Deficiency Determination
Once respondent has carried her initial burden of establishing a minimal evidentiary foundation, the burden is on the taxpayer to come forward with evidence to rebut the presumption of correctness attached to respondent's deficiency determination. . The taxpayer must establish by a preponderance of the evidence that respondent's determination is arbitrary and erroneous. Id. In the instant case, petitioner contends that respondent used an arbitrary and erroneous income reconstruction method to determine that the Clinic *247 earned $ 148,000 of income in 1988. Petitioner submitted no books or records to respondent or this Court reflecting the amount of income the Clinic actually earned in 1988. If a taxpayer fails to keep or produce sufficient books and records, section 446 confers broad powers on respondent to reconstruct the taxpayer's taxable income in accordance with a method that clearly reflects the full amount of income received. ; ; . Respondent's reconstruction method need only be reasonable in light of all the surrounding facts and circumstances. . Further, respondent is not required to be mathematically exact. . In the instant case, respondent determined the amount of the Clinic's income by extrapolating the total amount of gross receipts from the information compiled by the Sheriff's Department regarding the Clinic's business activity. Respondent estimated that *248 the Clinic serviced 50 customers per day at $ 20 per customer for 148 days yielding gross receipts in the amount of $ 148,000. For the reasons discussed in the following paragraphs, we conclude that respondent's reconstruction method was reasonable. First, respondent did not have access to the books and records that would show precisely the number of days the Clinic was open in 1988, or the number of customers the Clinic serviced in that year. Further, because Deputy Rodriquez did not contact respondent during the course of the criminal investigation, respondent was unable to independently keep the Clinic's activities under surveillance to buttress the information compiled by the Sheriff's Department. In sum, respondent used the only method available to reconstruct the Clinic's taxable income. Further, respondent's reconstruction method was not arbitrary. We have defined the term "arbitrary" as meaning without rational foundation in fact and based upon insupportable assumptions. . In the instant case, respondent's estimation of the Clinic's taxable income was based upon the information the Sheriff's Department *249 obtained in its criminal investigation. Deputy Rodriquez testified to his observations regarding the number of days the Clinic operated and the number of customers the Clinic serviced per day. Petitioner acknowledged that in 1988 the Clinic operated, serviced customers, and received $ 30 per customer. In sum, respondent's income reconstruction method, although unquestionably not mathematically exact, was not based upon insupportable assumptions but rather was based upon information obtained by the Sheriff's Department which was, in part, supported by petitioner. Finally, this Court and the Court of Appeals for the Ninth Circuit, to which an appeal in this case would lie, accepted a similar extrapolation method in , affg. . In Bradford, the Commissioner estimated the taxpayer's total amount of income derived in his laetrile-importing operation from a sample generated by a surveillance conducted by a different Federal agency. . For the foregoing reasons, we conclude that, in light of all the surrounding facts and circumstances, respondent's *250 income reconstruction method was reasonable. Therefore, petitioner has failed to prove by a preponderance of the evidence that respondent's deficiency determination is arbitrary and erroneous and, accordingly, petitioner has not rebutted the presumption of correctness attached to respondent's deficiency determination. We find, however, that the record does not support all of respondent's estimations regarding the Clinic's level of business activity and, accordingly, we must adjust respondent's deficiency determination. Respondent estimated that in 1988 the Clinic was open for 148 days and serviced an average of 50 customers per day. However, based on Deputy Rodriquez' observation, the Clinic was open an estimated 140 days and serviced an average of 35 customers per day. Accordingly, we find petitioner earned income from the Clinic in 1988 in the amount of $ 98,000, i.e., 35 customers per day at $ 20 per customer for 140 days. 3. Additions to Tax
Respondent determined petitioner was liable for the addition to tax for negligence pursuant to section 6653(a)(1) in the amount of $ 2,130. Petitioner submitted no evidence on this issue and thus has failed to carry her burden *251 of proof. See Rule 142(a). Accordingly, petitioner is liable for the negligence addition to tax in an amount recalculated to account for our decreased deficiency determination. Respondent also determined petitioner was liable for the addition to tax for a substantial understatement of income tax pursuant to section 6661 in the amount of $ 10,651. Petitioner submitted no evidence on these issues and thus has failed to carry her burden of proof. See Rule 142(a). If after making the Rule 155 computation, petitioner's understatement is substantial within the meaning of section 6661, petitioner is liable for this addition to tax in an amount recalculated to account for our decreased deficiency determination. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Respondent determined that petitioner was liable for the negligence addition to tax pursuant to sec. 6653(a)(1)(A) in an amount equal to 5 percent of the underpayment and the negligence addition to tax pursuant to sec. 6653(a)(1)(B) in an amount equal to 50 percent of the interest due on the underpayment attributable to negligence. The only negligence addition to tax in effect for the year at issue was sec. 6653(a)(1) which provided for a single addition to tax equal to 5 percent of the underpayment. See Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 1015(b)(2), 102 Stat. 3569. Having found that petitioner was not prejudiced by this erroneous determination, we adjusted the above-referenced determinations accordingly. ↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Respondent calculated that of the $ 30 paid by each customer for services rendered, the Clinic received $ 20 and the employee who rendered the services received $ 10.↩
4. While the California county court dismissed the charges filed against petitioner, we still preceded on the theory that petitioner received illegal unreported income from the Clinic. We preceded on this theory because the standard of proof in civil cases is lower than that in criminal cases and because both parties on brief preceded on the same theory. We note that the outcome of this case would be the same regardless of the type of income involved.↩